United States Casualty Co., Plaintiff and Appellee, *v.* Juan Méndez-Pérez, Defendant and Appellant.

No. 4388. Argued April 19, 1928.—Decided December 24, 1928.

*Salvador Suau* for the appellant. *Oscar Souffront* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

This case involves the right to a change of venue. The United States Casualty Co. complied with an insurance policy by repairing an automobile. Alleging that it thereby became subrogated to the rights of the assured under the policy, the said United States Casualty Co. began a suit against Juan Méndez Pérez. The cause of action in the assured, it was further alleged, arose by reason of the negligent conduct of the defendant at the time of the collision between the automobile of the assured and the auto-truck of the defendant. To secure the effectiveness of the judgment the plaintiff attached a vehicle belonging to the defendant.

The defendant, so styling himself, after reciting that he appeared solely for the purposes of his motion, and, without submitting himself to the jurisdiction or *"competencia"* of the court, asked that the attachment be dissolved upon the giving of a bond by the said defendant. The motion, dated August 8, 1927, was signed "Salvador Suau, by Rafael O. Fernández, attorney of the defendant." The District Court of Mayagüez on the 9th day of August, 1927, granted the motion.

896

On the 10th day of August, 1927, the defendant demurred to the complaint, filed an affidavit of merits and asked for a change of venue to the District Court of Aguadilla, where the defendant was alleged to reside. The District Court of Mayagüez overruled the motion, relying on the case of *Ramos* v. *Lloveras,* 36 P.R.R. 616, or the considerations thereof. The matter essentially decided in that case was that a defendant who filed a motion for a change of venue, even unaccompanied by a demurrer or an answer, could, if otherwise complying with the law, insist on his right to a change, and more particularly, to take the syllabus, had a right to have his motion disposed of before the trial. There was no question of waiver in that case similar to the present one. Indeed that case favored the general right of a defendant to a change of venue and held that his rights should be liberally construed. Nevertheless the statute authorizing the change of venue was, as stated in the opinion, construed in the light of its history and of the early California practice which required that the question should be raised at the first opportunity, or at the time of defendant's first appearance in the action. To that extent, the *ratio decidendi* tends to support the conclusion reached by the district judge herein, unless the instant case should be regarded as an exception to the general rule.

The question before us is whether a defendant who comes into court to have his attached goods released waives his right to insist on a change of venue when the motion therefor is filed later. In other words, did the defendant submit to the jurisdiction of the Mayagüez court?

The pertinent sections of the Code of Civil Procedure are as follows:

"Section 77.—The submission shall be understood to be made:

"1.—By the written agreement of the parties.

"2.—By the plaintiff through the mere act of applying to the court and filing the complaint.

"3.—By the defendant when, after his appearance in court, he takes any step other than to request that the trial be held in the proper court.

"Section 82.—If the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district."

"Section 323.—A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. But where a defendant has not appeared, service of notice or papers need not be made upon him unless he is imprisoned in the action for want of bail."

The case of *Aparicio Bros.* v. *H. C. Christianson & Co.,* 23 P.R.R. 457, if it is sound, would seem to control this case. We are somewhat at a disadvantage because the said opinion has not been referred to in the briefs of the parties and was only discussed at the hearing after the attention of counsel had been drawn to it.

That was a case where the defendants, a firm domiciled on the continent of the United States, appeared specially to obtain the release of attached goods. This court held, after reciting section 323, *supra,* that the first step of the defendants in the case, although styled a special appearance, was still an appearance and notice of appearance and that the defendants, as here, described their entrance as an appearance. The general authorities to that effect were set forth and need not be repeated in this opinion. The whole case may be consulted. We followed the cases of *Hernaiz Targa & Co.* v. *Vivas,* 20 P.R.R. 99, and *Ortiz* v. *Gómez,* 21 P.R.R. 480, to the general effect that any appearance, except to attack the jurisdiction of the court, was a general appearance.

It was argued in the *Christianson Case, supra,* that as the statute contained words enumerating appearances it excluded that anything should be considered an appearance

except an answer, demurrer or written notice to the fact of appearance. In either case the defendant gave notice of his appearance and attempted to limit it to his special purpose.

In the present case, it is true that the defendant said that he made his motion without submitting to the jurisdiction or "*competencia*" of the court. "*Competencia*" may be described as the court where the defendant has a right to be heard, dependent for instant purposes upon residence. At common law a defendant might be sued in a transitory action wherever found.

Now the defendant could not attack the jurisdiction of the District Court of Mayagüez because of his residence elsewhere on the Island. He must move for a change. His motion, however, challenged neither the jurisdiction nor the competency of the court. It was not a special appearance under the definition laid down in this jurisdiction.

In the *H. C. Christianson Case* there was no question of change of venue, but it may be said an attempt to deny the jurisdiction of the courts of Porto Rico. It seems a little hard that a defendant whose goods are attached may not obtain their instant release without submitting to the jurisdiction of the court where his goods have been attached. Nevertheless, as interpreted by us, the rule is positive. Up to the time of actually granting the motion for a change of venue the original court, we think, would have authority to release the goods. Hence it ought to be possible for a party to move for a change of venue and obtain a release of his goods from the court that has attached them.

The order appealed from will be affirmed.